**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2011-174

MAY TERM, 2011

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Addison Unit |
| | } | Criminal Division |
| Christopher Crowningshield | } | |
| | } | DOCKET NO. 154-3-11 Ancr |
| | } | |
| | | Trial Judge: Nancy Corsones |

In the above-entitled cause, the Clerk will enter:

Defendant appeals from the trial court's decision on his motion to amend conditions of release imposed by the court following his arraignment on a charge of domestic assault under 13 V.S.A. § 1042. Defendant's primary concern is the condition that prevents him from having contact with his son, T.C., unless he does so through Women's Safe. Defendant argues the court erred in three ways: (1) the court's decision to prohibit unsupervised contact between defendant and T.C. was not supported by the record; (2) the court failed to consider the factors set out in 13 V.S.A. § 7554; and (3) the court's order that defendant be prohibited from having contact with his son, T.C., except as supervised by Woman's Safe, is not the least restrictive condition to assure protection of the public.

Under 13 V.S.A. § 7556(c), a defendant may appeal a condition of release to a single justice of this Court. "Any order so appealed shall be affirmed if it is supported by the proceedings below." Id.

The record indicates that defendant was charged with domestic assault for allegedly assaulting his wife. According to a police officer affidavit, defendant's son, T.C. told the officer that he had witnessed his mother and father fighting and had seen his father hit his mother. The child called 911 during the incident.

The relevant statute in this case is 13 V.S.A. § 7554. Section 7554(a)(2) gives a judicial officer general authority to protect the public by imposing "the least restrictive" condition or combination of conditions of release described in the statute. Section 75544(a)(3) further allows a judicial officer to order that a defendant "not harass or contact or cause to be harassed or contacted a victim or potential witness." 13 V.S.A. § 7554(a)(3). Under § 7554(a)(3), the court need not necessarily impose the "least restrictive" condition to prevent harassment of or contact with a potential witness. It was thus within the trial court's authority under § 7554(a)(3) to impose a condition that defendant not be allowed to see T.C. unless he did so through Women's

Safe.[1]  While defendant may not necessarily be a danger to T.C., this condition is supported by the proceedings below, which indicate that T.C. is a potential witness for the State and may be influenced by his father.  The court's concern for the best interests of the child did not lead to an inappropriate decision under § 7554(a)(3).

We affirm the trial court's decision regarding conditions of release.  We note, however, that we do not read condition 14 as preventing defendant from having third party contact with defendant's wife for the limited purpose of coordinating visits with R.C.

Defendant is permitted to have contact with Amy Crowningshield through third parties for the limited purpose of facilitating contact with R.C.; the remaining conditions are supported by the proceedings below and are affirmed.

FOR THE COURT:

_____
John A. Dooley, Associate Justice

---

[1]  Defendant apparently has not attempted to coordinate with Women's Safe yet, and he provides no specifics about the logistical difficulties involved in conducting visits through the organization.

2